**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| *Plaintiff*, | : | |
| v. | : | CASE NO.   2:20-cr-543-RMG |
| | : | |
| ORLANDO SHALROCKO KING, | : | |
| *Defendant*. | : | |

**MOTION TO CONTINUE SENTENCING**
**AND, ALTERNATIVELY, MOTION FOR A BELOW GUIDELINE SENTENCE**
**PURSUANT TO THE PARSIMONY PROVISION**

Mr. King, by and through counsel, asks this Honorable Court to continue the sentencing hearing so that Mr. King may participate in the Turning Leaf Project.   Alternatively, counsel asks the Court to consider imposing a below guidelines sentence.  The guideline range is 70-87 months. PSR, p. 13, paragraph 57.  As will be discussed below, the guideline range is "greater than necessary greater than necessary to comply with the purposes" of 18 U.S.C. § 3553(a)(2).[1]  The reasons for these requests are as follows:

---

[1] 18 U.S.C. § 3553(a) instructs the trial court as follows:
   The Court shall impose a sentence sufficient, but not greater than necessary to comply with
   the purposes set forth in paragraph (2) of this subsection. The court, in determining the
   particular sentence to be imposed, shall consider—
   (1) the nature and circumstances of the offense and the history and characteristics of the
   defendant;
   (2) the need for the sentence imposed—
        (A) to reflect the seriousness of the offense, to promote respect for the law, and to
        provide just punishment for the offense;
        (B) to afford adequate deterrence to criminal conduct;
        (C) to protect the public from further crimes of the defendant; and
        (D) to provide the defendant with needed educational or vocational training, medical
        care, or other correctional treatment in the most effective manner;
   (3) the kinds of sentences available;
   (4) the kinds of sentence and the sentencing range established (by the sentencing
   guidelines)….

1

1. **Background and Introduction**

Orlando King was arrested on the state court charge of Burglary 2nd degree related to his involvement with the May 30th-31st, 2020 protest in downtown Charleston that morphed into acts of looting and rioting. Mr. King's role in the looting/rioting was minor and did not involve violence – he went into a market that had been broken into by others and left with a six-pack of Angry Orchard Hard Cider. It is unlikely that he would not have been charged in federal court based solely on his conduct during the riot; however, Mr. King has a prior felony conviction and was also out on a state bond for gun charges. On April 25, 2020 Mr. King was arrested for the state charges of unlawful carrying of a pistol in violation of SC Code § 16-23-20 and unlawful possession of a pistol by an unqualified person in violation of SC Code § 16-23-30.

Mr. King streamed on Facebook Live both his gun possession offense and his involvement in the riot.

Although he was initially charged in state court, the United States chose to prosecute Mr. King in federal court for the gun possession by a felon charge and the participating in a riot change. When contacted by federal authorities, with the assistance of counsel Mr. King debriefed with the government as to his role in the offense and agreed to plead guilty by information to the two counts. In short, Mr. King's post-arrest actions have shown remorse and full acceptance of responsibility.

---

(5) any pertinent policy statement….
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

The state court charges, which is for the identical conduct as the federal charges, remain pending.

**2. Request for the opportunity to complete the Turning Leaf Project prior to the imposition of the sentence**

As is shown in the PSR and as will be discussed at the sentencing, Mr. King has had a difficult life and has not enjoyed the amount of family support that many of us were privileged to enjoy. His prior criminal offenses occurred when he was 17 and 18 years of age. He served 9 years in the South Carolina Department of Corrections. He is now 31 years of age and motivated to change his life.

The Turning Leaf Project helps violent offenders break the cycle of recidivism that ruins the lives of many and harms the community. They now accept offenders like Mr. King who are out of custody. We have had conversations with the Turning Leaf Project regarding admitting Mr. King. The door is open for Mr. King to be admitted into the program if the Court supports this alternative.

Turning Leaf would prefer to admit a candidate whose application is supported by the prosecutor and where there are no other pending charges. In this matter, Ms. Limehouse, on behalf of the government, is not consenting to our request, and the state court prosecutor is not prepared to make a final decision to dismiss the state charges. However, when I explained Mr. King's status, Turning Leaf indicated that Mr. King sounds like someone they can help if the Court sees fit to provide the opportunity.

The Turning Leaf Program has the track record of helping men like Mr. King to radically change their lives.

### 3. Alternatively, counsel asks the Court for a variance based upon 3553(a) factors and the parsimony provision

The Court is instructed to "impose a sentence that is sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing." USSG §5, Introductory Commentary (referencing 18 U.S.C. § 3553(a)). Respectfully, in considering all the sentencing factors without placing undue weight on the guideline range,[2] a variance is appropriate.

Mr. King is not authorized to possess a weapon. Police arrested him in April 2020 because he streamed himself on Facebook Live with a prohibited weapon. Police arrested him in June of 2020 for participating in the riots because he streamed himself on Facebook Live. During most of the riot, his live streaming was like a man-on-the-street type of journalism. He reported what he was seeing and was not actively participating in unlawful acts. However, he made a serious mistake when he entered the market that others had broken into and took a 6-pack of hard cider. His own video showed him drinking one hard cider and giving the others away. He did not attack police, burn a police car, or harm anyone else.

His arrest and federal prosecution have ample deterrent value to others and to Mr. King. The dual prosecutions by separate sovereigns has an increased deterrence.

There are few programs in the BOP for Mr. King. Mr. King requests a referral to the residential drug treatment program for his marijuana abuse. Due to the gun offenses, Mr. King appears ineligible to receive the one-year sentencing reduction for successfully completing the RDAP program.

---

[2] The district court "must sentence based on 18 U.S.C. § 3553(a) without any thumb on the scale favoring a guideline sentence." *United States v Sachsenmaier*, 491 F.3d 680, 685 (7th Cir.2007).

**WHEREFORE**, for the reasons stated above and for other good cause, counsel requests

- Continuing the sentencing so that Mr. King may enroll in and complete the Turning Leaf Program;

- Alternatively, a below guideline sentence;

- Recommendation to the RDAP;

- Recommendation for service of sentence at FCI Williamsburg; and

- Permit self-surrender at a time and date required by the BOP.

RESPECTFULLY SUBMITTED,

*s/ Christopher W. Adams*
CHRISTOPHER W. ADAMS
S.C. Fed. Bar # 10595
102 Broad Street, Suite 360
Charleston, SC 29401
Tel. 843.277.0090
adams.c@adamsbischoff.com

DATE: August 23, 2021

**CERTIFICATE OF SERVICE**

      I hereby certify that on the above date, this document was electronically filed with the Clerk of Court using the ECF system that will notify the parties of record of this filing.

Respectfully submitted,

s/ Christopher W. Adams
Federal I.D. # 10595

*Attorney for Orlando King*